UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| PLAINTIFF | CIVIL ACTION |
|---|---|
| DEBORAH E. RICHEAL and JAMES RICHEAL, husband and wife | NO: 3:17-CV-2319 |
| vs. | |
| DEFENDANTS | |
| GAYLOR E. WATSON and/or A & D EXPRESS, INC., and/or JOHN DOES 1-5 INDIVIDUALS/COMPANIES/EMPLOYER, a fictitious name, individually, jointly, severally and/or in the alternative | JURY TRIAL DIVISION |

**JURISDICTION AND VENUE**

1. The Plaintiffs, Deborah E. Richeal and JAMES Richeal, are adult individuals and citizens of the State of Arizona, residing at 41614 N. Panther Creek Trail, Anthem, Arizona 85086.

2. At all times material hereto, the Defendant, Gaylor E. Watson, was an adult individual and citizen of the State of New Jersey, residing at 103 Blossom Circle, Dayton, New Jersey, 08810.

3. At all times material hereto, the Defendant, A & D Express, Inc. and/or John Doe(s) 1-5 Companies, was a corporation and citizen organized and existing under the laws of the State of New Jersey with its corporate headquarters and/or principal place of business

being located at 893 Georges Road, in the County of Monmouth, State of New Jersey.

4. This Court has jurisdiction over this action pursuant to Diversity of Citizenship, 28 U.S.C. § 1332 (a) as the parties are citizens of different states and the Defendants all reside in the State of New Jersey.

5. Venue is properly laid in the District of New Jersey as all the Defendants are citizens of this district and a substantial part of the events that are the subject of this claim arose in this district.

## INTRODUCTORY COUNT

6. The Plaintiff, Deborah E. Richeal, hereby incorporates by reference, the allegations of Paragraphs 1 through 5 above as if fully set forth at length herein.

7. On or about April 11, 2015, the Plaintiff, Deborah E. Richeal, was a passenger in a motor vehicle owned by Robert Wood Johnson Health Network and being operated by Karl Schoener, which said motor vehicle was proceeding in a northerly direction on Route 130 in the Township of North Brunswick, County of Middlesex and State of New Jersey, at or near its intersection with Davidsons Mill Road.

8. At the aforesaid time and place, the Defendant, Gaylor E. Watson, while acting on his own behalf and/or as an agent, servant and/or employee of the Defendant, A & D Express, Inc and/or John Doe Individual/Company/Employer, a fictitious name, was the operator of a motor vehicle traveling northbound on Route 130 in the Township of North Brunswick, County of Middlesex and State of New Jersey at or near its intersection with Davidsons Mill Road.

9. At the time and place aforesaid, the Defendants operated their motor vehicle in a careless and/or negligent manner so as to cause same to collide violently with the vehicle in which Plaintiff, Deborah E. Richeal, was a passenger.

## FIRST CLAIM FOR RELIEF

10. The Plaintiff, Deborah E. Richeal, hereby incorporates by reference the allegations of Paragraphs 1 through 9 above as if fully set forth at length herein.

11. As a direct and proximate result of the carelessness and/or negligence of the Defendants, as aforesaid, the Plaintiff, Deborah E. Richeal, was injured both grievously and irreversibly; she has in the past and will in the future be plagued by great pain, shock and mental anguish. She has been forced to incur ruinous diverse expenses for medical, hospital and nursing attention in an effort to alleviate the injuries from which she is suffering; she has in the past and will in the future be prevented from attending to her lawful affairs and occupation.

WHEREFORE, Plaintiff, Deborah E. Richeal, demands judgment against the Defendants, Gaylor E. Watson and/or A & D Express, Inc. and/or John Does 1-5 Individuals/Companies/ Employers fictitious names, individually, jointly, severally and/or in the alternative on this Count, for damages, together with interest and costs of suit and any other further remedy deemed appropriate by this Honorable Court.

## SECOND CLAIM FOR RELIEF

12. The Plaintiff, Deborah E. Richeal, hereby incorporates by reference the allegations of Paragraphs 1 through 11 above as if fully set forth at length herein.

13. The Plaintiff hereby names Defendants, John Does(s) "1-5", a fictitious name(s), as individuals, partnerships, companies and/or corporations who have either been misidentified and/or omitted, and whose negligence contributorily caused the serious and permanent personal injuries sustained by the Plaintiff, Deborah E. Richeal.

WHEREFORE, Plaintiff, Deborah E. Richeal, demands judgment against the Defendants, John Doe(s) "1-5", a fictitious name(s), individually, jointly, severally and/or in the alternative on this Count, for damages, together with interest and costs of suit and any other further remedy deemed appropriate by this Honorable Court.

### THIRD CLAIM FOR RELIEF

14. The Plaintiff, James Richeal, hereby incorporates by reference the allegations of Paragraphs 1 through 13 above as if fully set forth at length herein.

15. At all times material hereto, the Plaintiff, James Richeal, was the husband of Plaintiff, Deborah E. Richeal.

16. As a proximate result of the negligence and carelessness of the Defendants, Defendants, Gaylor E. Watson and/or A & D Express, Inc. and/or John Does 1-5 Individuals/Companies/ Employers fictitious names, the Plaintiff, James Richeal, was and will be deprived of the services, earnings, comfort, society and/or consortium of his said wife for a long period of time.

WHEREFORE, Plaintiff, James Richeal, demands judgment against the Defendants, Gaylor E. Watson and/or A & D Express, Inc. and/or John Does 1-5 Individuals/Companies/ Employers fictitious names, individually, jointly, severally and/or in the alternative on this

Count, for damages, together with interest and costs of suit and any other further remedy deemed appropriate by this Honorable Court.

                              **HOCKFIELD & KASHER, LLC**
                              Attorneys for Plaintiffs

                    By: _____
                              Barry J. Hockfield

Date: April 6, 2017